## LAYTON et al. *v.* CHALON et ux.

Where one, who had sold a tract of land in another State, with a warranty of title, by an act regularly recorded according to the laws of that State, acting under the impression that the sale did not convey the legal title, and with a view to defraud his vendee, sells the same land to a third person, who takes possession of it; but, by the *lex rei sitæ*, the original vendee could not have been evicted in an action by such third person, and his intrusion on the land, being a trespass which the original vendee might have prevented, giving him no claim against his vendor under his warranty, and there being no evidence of any damage to the first vendee by the acts of his vendor to which any definite value could be fixed, the first vendee cannot recover against his vendor either the value of the land, or damages for involving him in litigation by his fraud.

A member of the bar of a State in which the common law prevails may be examined as a witness, to prove whether a party, under the circumstances of his case, could recover in any action in that State.

APPEAL from the First District Court of New Orleans, *McHenry*, J.
*Preston*, for the plaintiffs, relied on art. 2294, C. C.

*Schmidt*, for the appellants. To maintain this action, plaintiffs must establish: 1st. That they have been evicted, from land sold to them, by the defendants, or by those whose title defendants are bound to warrant. C. C. 2476, 2478, 2493,

2494, 2495.  *Murray* v. *Bacon*, 7 Mart. N. S. 272.  *Kemp* v. *Kemp*, 2 La. 244.  LAYTON
*Bessy* v. *Pintado*, 3 La. 490.  *Keene* v. *Clark*, 8 La. 117.  *Bonnabel* v. *First*  *v.*
*Municipality*, 3 An. 699: 2d. The quantity of the land sold, of which they  CHAYLON.
have been evicted, and its value.  C. C. 2490, 2535 to 2538: 3d. That plaintiffs
had, previous to the commencement of suit, been put in default as to the war-
ranty of title.  C. C. 2493, 2494.  Not one of these requisites to maintain their
action has been proved.  Again, warrantors are not liable for the tortious acts of
third persons.  If plaintiffs have been evicted, it has been by a tort.  See *Hop-
kins* v. *Van Wickle*, 2 An. 143, as to the applicability of art. 2294 C. C.

The judgment of the court *(King*, J. absent,) was pronounced by

EUSTIS, C. J.  The defendants, *Chalon* and wife, by public act, before *Car-
lile Pollock*, a notary public in New Orleans, dated the 1st of December, 1819,
sold to *George Sheriff*, a tract of land situated on Pearl river, in the State of
Mississippi.  The tract was composed of forty arpents front, by forty in depth,
was called Cabanage Latanier; and, on the 25th of January, 1827, *Sheriff* sold
the upper half of the tract, consisting of twenty arpents by forty in width, to
*Robert Layton*, deceased.  This sale was made by deed, and both instruments
appear to have been recorded in the county of Hancock, where the land was
situated.

The heirs of *Robert Layton*, who are the plaintiffs in the present suit, com-
plain that *Chalon* and wife, notwithstanding this sale of the land to *Sheriff*, in
1819, again sold the land, on the 15th of June, 1847, to *David R. Wingate.*
The allegation is that, *Chalon* and wife, having been advised by *Wingate* that the
notarial act in favor of *Sheriff* did not transfer to him the legal title, and combi-
ning with said *Wingate* to defraud the heirs of *Layton*, conveyed the whole of
the tract to him by deed duly acknowledged and recorded; that *Wingate* took
possession under said deed, and holds the part conveyed from *Sheriff* to *Layton.*

The defendants sold to *Sheriff* under a warranty of title, and *Sheriff* warrant-
ed his title in his deed to *Layton.*  The executor of *Layton*, on *Wingate's* al-
leged possession of the land, applied to the sole legatee of *Sheriff*, who had died
in the mean time, to defend the title; but she, having no property, could only
transfer to the plaintiffs her right of warranty against *Chalon* and wife, which
purports to have been done by deed, of date the 19th of October, 1848.  On
these facts the plaintiffs have brought their action against the defendants, claim-
ing, in the right of *Sheriff*, by reason of the breach of warranty, the value of the
land, and damages to the further amount of $5000 for involving the plaintiffs in lit-
igation by their frauds &c.  The plaintiffs recovered judgment for $514 50, as
being the value of eight hundred arpents at seventy-five cents an acre, and the
defendants have appealed.  The plaintiffs have also asked that the judgment of
the District court be amended, by rendering the defendants liable for the amount
paid by *Layton* for the land, and exemplary damages.

The plaintiffs principally rely upon the testimony of *Mr. Henderson*, a gen-
tleman of the bar, who has been extensively engaged in practice in Mississippi.
We infer from his testimony that, *Layton's* heirs could not have been evicted on
*Wingate's* title, in an action of ejectment, the only remedy resorted to at com-
mon law, in that State, for trying the title to land.  The possession of *Sheriff*
would have been available to *Layton's* heirs, and the action would have been
barred by lapse of time.  In a court of equity, *Wingate's* claims, founded on a
fraud, as the plaintiffs themselves have alleged, would not have been heeded.
*McGill* v. *McGill, ante* p. 262.

However we may be disposed to censure the defendants conduct in making the
conveyance to *Wingate*, we are at a loss to discover any ground upon which we

LAYTON
*v.*
CHALON.

can make them liable to the plaintiffs. No eviction could have been legally caused by the conveyance to *Wingate*. His intrusion on the land was a trespass, which the heirs of *Layton* could have prevented, and which gives them no claim against their vendor, under his warranty. *Cockerell* v. *Smith*, 1 An. 1. 2 Pothier, Contrat de Vente, § 93. *Hopkins* v. *Van Wickle*, 2 An. 143.

And if we consider the plaintiffs as having a direct recourse in warranty against the defendants, the title which *Wingate* obtained from them, affording no warrant for disturbing the possession of the plaintiffs, and his intrusion on a part of the land being unlawful and without the sanction of any judicial authority, their claim under the warranty is equally unsupported. There is no evidence of any damage caused to the plaintiffs by the acts of the defendants, to which any definite value can be fixed.

It is therefore ordered, that the judgment of the District court be reversed, and judgment rendered against the plaintiffs, as in case of non-suit, with costs in both courts.